CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 7 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| SHAQUAN JAMAR FALLEN, | ) | Civil Case No. 7:18cv00539 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

Shaquan Jamar Fallen, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Circuit Court for the City of Danville. This matter is before the court on respondent's motion to dismiss. After reviewing the record, the court concludes that respondent's motion must be granted and Fallen's § 2254 must be petition dismissed as time-barred.

### I.

On July 21, 2015, after Fallen pled nolo contendere, the Circuit Court for the City of Danville entered a final order convicting him of second degree murder, use of a firearm in the commission of a felony, and discharging a firearm in a public place resulting in death. The court sentenced him to a total of forty-eight years of incarceration, with twenty-three years suspended. Fallen did not appeal. On or about June 16, 2017,[1] Fallen filed a petition for a writ of habeas corpus in the Circuit Court for the City of Danville, alleging that his plea was not knowing and voluntary because counsel was ineffective when he misadvised Fallen regarding the sentencing guidelines. Specifically, Fallen states that counsel advised him that "the guidelines were an accurate reflection of the punishment range for the offense[s he] was pleading guilty to." However, Fallen states that he has "now learned" that the guideline calculation "included a crime

---

[1] Fallen alleges that he filed the petition on June 16, 2017, respondent and state court records found online indicate that Fallen filed the petition on June 22, 2017. The difference in dates does not affect the court's analysis of the timeliness of Fallen's petition. The court will use the date alleged by Fallen for purposes of this opinion.

[(robbery)] which [he] was convicted of after" committing the crimes to which he plead guilty. Fallen argues that the robbery conviction should not have been considered in calculating his guideline range. The Circuit Court denied his habeas petition on October 20, 2017. The court found that his claim concerning the voluntariness of his plea was defaulted under Slayton v. Parrigan, 205 S.E.2d 680. 682 (Va. 1974), and that his ineffective assistance of counsel claim failed on its merits under Strickland v. Washington, 466 U.S. 668 (1984), because Fallen failed to demonstrate that counsel's performance was deficient or that Fallen was prejudiced by the alleged deficient performance. Fallen appealed and the Supreme Court of Virginia dismissed his petition on June 22, 2018, as untimely filed. Fallen filed the instant federal habeas petition no earlier than October 29, 2018, alleging the same claims that he raised in his state habeas petition. See Pet., ECF No. 1, 12; R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period of limitation to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Fallen alleges nothing to support application of § 2244(d)(1)(B)-(D).[2] Under § 2244(d)(1)(A), Fallen's conviction became final on August 20, 2015, when his time to file a direct appeal of his conviction expired, see Va. Code § 8.01-675.3 and Va. S. Ct. R. 5A:6, and the statute of limitations began to run on that date. Therefore, Fallen had until August 22, 2016, to file a timely federal habeas petition.

Fallen did not file his state habeas petition until June 16, 2017, approximately 300 days after the one-year limitations period expired. Thus, Fallen's state habeas petition afforded him no statutory tolling under § 2244(d)(2),[3] and his federal habeas petition is time-barred unless he demonstrates that the court should equitably toll the limitations period, Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003), or that he is actually innocent of his convictions, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d. at 246 (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at

---

[2] In fact, in response to respondent's motion to dismiss, Fallen states that he "agree[s] with respondent's assertion that 'absent tolling,' [he] had until August 22, 2016 [(one year from the date his conviction became final)] to seek relief in this court." See ECF No. 16, 1. To the extent Fallen's allegations concerning equitable tolling could be construed as an argument that the statute of limitations should begin to run under § 2244(d)(1)(A), any such argument fails because the factual predicate of his claims was known to him at the time of his sentencing, when his trial counsel noted that his guidelines calculations was higher because of the robbery conviction. See Sentencing Tr., ECF No. 11-3, 49. Moreover, as discussed herein, Fallen has not demonstrated that he diligently pursued his claims.

[3] A properly filed state habeas petition tolls the statute of limitations; however, Fallen filed the state habeas petition after the statute of limitations had already expired.

3

330 (citing <u>Miller v. N.J. State Dep't of Corrs.</u>, 145 F.3d 616, 618 (3d Cir. 1998)). An inmate

asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he

fulfills both elements of the test. <u>Yang v. Archuleta</u>, 525 F.3d 925, 928 (10th Cir. 2008) (quoting

<u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008)). The Fourth Circuit defines diligence

as "the diligence <u>reasonably expected</u> from, and ordinarily exercised by, a person who seeks to

satisfy a legal requirement or to discharge an obligation." <u>Lawrence v. Lynch</u>, 826 F.3d 198,

204 (4th Cir. 2016) (quoting Diligence, <u>Black's Law Dictionary</u> (10th Ed. 2014)).

In support of an equitable tolling argument, Fallen states that he repeatedly requested his

"entire trial record" from defense counsel, but that his letters were ignored until he filed a

Virginia State Bar complaint against counsel. Once he "finally received the trial record and

corresponded with counsel about the guidelines," he "discovered" that counsel's ineffectiveness

"cause[d him] to enter unknowing[] pleas of guilty." <u>See</u> Resp. Opp., ECF No. 16, 2. Fallen

argues that "absent evidence to support [his] position, [he] was unable to submit claims that

counsel was ineffective." <u>Id.</u>

Fallen's allegations that his attorney delayed providing him with a copy of his criminal

case file do not demonstrate an extraordinary circumstance beyond his control that prevented

him from complying with the statute of limitations. <u>See e.g.</u>, <u>Miguel v.Cohen</u>, No. 9:13-cv-374-

JMC, 2013 U.S. Dist. LEXIS 117527, at *6-7, 2013 WL 4500459, at *4 (D.S.C. Aug. 20, 2013)

(finding petitioner was not entitled to equitable tolling where he claimed the delay in filing his

post conviction relief application was the fault of his attorney who did not timely provide him

with the discovery materials he felt he needed to file the application); <u>Weersing v. Cartledge</u>, No.

8:09-cv-88-JMC, 2011 U.S. Dist. LEXIS 43540, at *14, 2011 WL 1543706, at *3-5 (D.S.C. Apr.

21, 2011) (finding petitioner was not entitled to equitable tolling because he "fail[ed] to show

that his lack of access to his [case] file prevented him from asserting cognizable claims both in

his timely filed application for [post conviction] relief or in his untimely filed petition for habeas corpus"); McCaffery v. Henry, No. 06-3832 CW(PR), 2008 U.S. Dist. LEXIS 119867, at *18-20, 2008 WL 859455, at *6 (N.D. Cal. Mar. 28, 2008) (rejecting equitable tolling based on difficulty in obtaining copy of trial attorney's case file since the petitioner could have had her trial record copied at an earlier date and she received copy before the statute of limitations ran); Williams v. Clark, No. CV-07-1582-AHM (PLA), 2007 U.S. Dist. LEXIS 96449, at *14, 2008 WL 474343, at *5 (C.D. Cal. Jan. 3, 2008) ("To the extent that petitioner is claiming that he is entitled to equitable tolling based on the failure of either his trial counsel or his appellate counsel to provide him with his files and records, petitioner's allegations do not warrant equitable tolling."). Further, Fallen does not describe what records he needed in order to file his habeas petition, does not include any parts of the record with his petition, and does not explain why he could not request copies of the record from the sentencing court. Moreover, Fallen knew the facts to support his claims at the time of his sentencing hearing. At his June 16, 2015 sentencing hearing, Fallen's attorney, at Fallen's request, asked the court to run Fallen's sentence for the murder and firearm convictions concurrent to his robbery sentence because "the guidelines were higher on [the murder and firearm offenses] because of [the robbery conviction]." Sentencing Tr., ECF No. 11-3, 49. Fallen has presented no evidence that an extraordinary circumstance beyond his control prevented him from filing his federal habeas petition within the statute of limitations.

Even if Fallen could demonstrate an extraordinary circumstance beyond his control, he has not demonstrated that he has diligently pursued his federal claims. Fallen does not state when he "repeatedly" requested copies of his trial record from counsel or when he filed a Bar complaint against counsel and he does not state when he ultimately received his trial record.

Based on the evidence presented by Fallen, the court cannot find that he diligently pursued his federal claims. Accordingly, the court finds no basis to equitably toll the limitations period.[4]

Finally, a gateway claim of actual innocence requires a petitioner to produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt to overcome a time-bar restriction. McQuiggin, 569 U.S. at 386 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)). Fallen has not presented any new evidence in his federal habeas petition and, thus, has not plausibly alleged a basis for excusing his untimely filing. Accordingly, the court concludes that Fallen's federal habeas petition is time-barred.[5]

## III.

Based on the foregoing, the court will grant respondent's motion to dismiss.

ENTER: This 27th day of August, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[4] To the extent Fallen argues that he is entitled to equitable tolling because he is not trained in the law, has limited access to the law library and a computer, and was transferred at some point while he was preparing his habeas petition, the court again concludes that he has not met his burden of demonstrating that equitable tolling is warranted. See e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); Garvin v. Eagleton, No. 8:12-1165-JMC, 2013 U.S. Dist. LEXIS 102696, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."); King v. United States, No. 3:18cv20 (GROH), 2019 U.S. Dist. LEXIS 130579, at *7-9, 2019 WL 3543871, at * 2 (N.D. W. Va. July 18, 2019) (prison transfers do not amount to extraordinary circumstances that bar prisoners from filing a petition for habeas corpus).

[5] The parties summarily mention the Supreme Court's decision in Martinez v. Ryan, 566 U.S. 1 (2012). The court notes, however, that Martinez does not save Fallen's untimely federal habeas petition because "[t]he decision in Martinez fails to provide any basis for avoiding the statute of limitations set forth in 28 U.S.C. § 2244(d)." Ward v. Clarke, No. 3:14cv11-HEH, 2014 U.S. Dist. LEXIS 157345, at *3, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014) (citing Lambrix v. Sec'y, Fla. Dep't Corr., 756 F.3d 1246, 1262 (11th Cir. 2014)).